UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LES GOCHA,

                Petitioner,

                                            CASE NO. 2:12-CV-13776
v.                                     HONORABLE LAWRENCE P. ZATKOFF

J.S. WALTON,

                Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Petitioner Les Gocha, a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his prison classification and seeking equitable relief. The Court finds that Petitioner has failed to state a claim upon which habeas relief may be granted in his pleadings. The Court, therefore, will dismiss the petition for a writ of habeas corpus.

I.

Petitioner states that he pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine, 21 U.S.C. §§ 841(a)(1) and 846, possession of a firearm in furtherance of a drug crime, 18 U.S.C. § 924(c), and money laundering, 18 U.S.C. § 1956(h), in the United States District Court for the Northern District of Iowa and was sentenced to 187 months imprisonment, five years of supervised release, and $300 in special assessments in 2008. In his petition, he challenges his prison classification, or public safety factor designation, as a sex offender arising from a 1993 Iowa state court conviction for sexual exploitation of a minor. Petitioner states that he has exhausted his administrative remedies.

II.

Promptly after the filing of a habeas petition, a federal district court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). Summary dismissal is warranted if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); *see also* Rule 4, Rules Governing § 2254 Cases.

Upon such preliminary review, the Court concludes that the petition must be dismissed for failure to state a claim upon which relief may be granted. Petitioner challenges his custody classification, *i.e.*, his public safety factor designation as a sex offender, in his habeas pleadings. It is well-settled, however, that prison classifications, assignments, and transfers are functions wholly within the discretion of the BOP. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Federal prisoners do not have a due process liberty interest in their classification while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Similarly, federal prisoners do not have a liberty interest in remaining free from discretionary transfers to less agreeable prisons. *Meachum*, 427 U.S. at 225. Prisoners also have no right to be housed in a particular institution or a particular part of an institution. *See Montanye*

-2-

*v. Haymes*, 427 U.S. 236, 242 (1976); *Caderno v. Thoms*, 50 Fed. Appx. 200, 201 (6th Cir. 2002) (citing cases).

The United States Court of Appeals for the Sixth Circuit has held that a federal inmate who challenges his security classification fails to state a cognizable claim upon habeas review.  *See Bazuaye v. Bogan*, 19 F.3d 18, 1994 WL 75895, \*2 (6th Cir. 1994) (unpublished) (citing *Olim, supra*, and *Newell v. Brown*, 981 F.2d 880, 883 (6th Cir. 1992)); *accord Braswell v. Gallegos*, 82 F. App'x 633, 636 (10th Cir. 2003) (district court properly denied federal prisoner's § 2241 petition challenging his classification).  Because Petitioner challenges his prison classification in this action, he fails to state a claim upon which habeas relief may be granted under 28 U.S.C. § 2241.  *See McCombs v. United States Dept. of Justice*, No. 4:06 CV1777, 2006 WL 3169530, \*2 (N.D. Ohio Oct. 31, 2006) (dismissing similar § 2241 petition).

III.

For the reasons stated, the Court concludes that Petitioner has failed to state a claim upon which habeas relief may be granted in his petition.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

**IT IS SO ORDERED**.

 S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  September 20, 2012